DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Timothy Graulich
David Schiff
Marc J. Tobak
Abraham Bane
Moshe Melcer

*Counsel to the Ad Hoc Group*

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** **SOUTHERN DISTRICT OF NEW YORK** | **Re: ECF No. 5** |

| | |
|---|---|
| In re: | Chapter 15 |
| Braskem S.A., *et al.*, | Case No. 26-11522 (MEW) |
| Debtors in a Foreign Proceeding.[1] | Jointly Administered |

### STATEMENT AND RESERVATION OF RIGHTS OF THE AD HOC GROUP OF CREDITORS IN RESPONSE TO THE FOREIGN REPRESENTATIVE'S MOTION FOR PROVISIONAL RELIEF PURSUANT TO 11 U.S.C. §§ 1519, 105(A), AND 362

The ad hoc group (as the membership thereof may change from time to time, the "**Ad Hoc Group**") of beneficial holders (or investment managers, advisors or subadvisors acting on behalf of beneficial holders) of Notes,[2] Debentures[3] and certain other financial indebtedness issued, incurred or guaranteed by Braskem S.A. and certain of its subsidiaries (such entities are referred to herein collectively, along with certain other subsidiaries and affiliates of Braskem S.A., as

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Braskem S.A. (01-70–Brazil); Braskem Netherlands B.V. (6B01–Netherlands); Braskem Netherlands Inc., B.V. (9B01–Netherlands); Braskem Netherlands Finance B.V. (5B01–Netherlands); Braskem Trading & Shipping B.V. (7B01–Netherlands); and Braskem America Finance Co. (1581–US).

[2] Capitalized terms used but not immediately defined herein shall have the meaning ascribed to them elsewhere herein, and capitalized terms used but never defined herein shall have the meaning ascribed to them in the Provisional Relief Motion or in the Verified Petition [ECF No. 18], as applicable.

[3] As used herein, "**Debentures**" refers to those certain debentures described in paragraph 24(i) of the Verified Petition.

"**Braskem**" or the "**Company**") hereby files this statement in response to the *Motion for Provisional Relief Pursuant to 11 U.S.C. §§ 1519, 105(a), and 362* [ECF No. 5] (the "**Provisional Relief Motion**") and reservation of rights (this "**Statement**").  In support of this Statement, the Ad Hoc Group respectfully represents as follows:

**Reservation of Rights**

1.      The Ad Hoc Group is Braskem's largest creditor constituency, and its members hold more than $4.7 billion in principal amount of Braskem's funded debt.[4]  The Ad Hoc Group does not object to the Foreign Representative's pending request for provisional relief, but respectfully submits this Statement to fully reserve its rights (a) to return to this Court to seek modification of any provisional stay granted at a later date and (b) with respect to the application of the Foreign Representative and chapter 15 debtors for recognition and any findings of this Court relating thereto.

2.      The Ad Hoc Group has been organized since the fall of 2025 and, since that time, has sought engagement with Braskem and its ultimate shareholders (including, Petróleo Brasileiro S.A. ("**Petrobras**") and, following the closing of a recent transaction, IG4 Capital) to address the Company's liquidity and capital structure in a manner that (a) maximizes value for the Company's creditors and other stakeholders, (b) sufficiently protects the rights and interests of debtholders and (c) avoids unnecessary process risk and litigation to the benefit of all parties.  Despite the Ad Hoc Group's repeated offers and requests for such engagement, Braskem only began any substantive discussion with members of the Ad Hoc Group this month, and those interactions have so far been limited.  The Ad Hoc Group remains receptive to substantive engagement with the

---

[4]  Such holdings include more than 60% of the Notes and more than 57% of the Debentures.

Company and its shareholders, and expects that substantive engagement will follow the Company's commencement of Brazilian Mediation proceedings.

3.       In light of the foregoing, and Braskem's stated efforts to use the Brazilian Proceeding to pursue a "consensual" and "orderly solution" for its capital structure,[5] the Ad Hoc Group does not at this time object to the imposition of an interim stay to protect Braskem's assets in the United States to allow for negotiations to evolve.  Indeed, permitting creditors at this juncture to enforce against Braskem's U.S. assets would be antithetical to the 60-day mediation proceeding pending in Brazil for these same companies.  In this process, the Ad Hoc Group welcomes further and more substantial engagement from the Company and its shareholders.  In fact, Braskem's stated objectives for the Brazilian Mediation can only be achieved with the consensual support of a relevant majority of its financial creditors, which will necessarily require agreement with the Ad Hoc Group.

4.       In the event circumstances change—including because Braskem or its shareholders are not pursuing creditor support in good faith—the Ad Hoc Group fully reserves its rights to return to this Court and seek modification of provisional relief.

5.       In addition, the Ad Hoc Group is reserving all rights at this time with respect to the Verified Petition, and the absence of objection to the Provisional Relief Motion should not be interpreted as a reflection of endorsement or support for further relief.  The Ad Hoc Group is actively evaluating the Company's pleadings and requested relief (as well as the Company's filings abroad).  It is possible that review may lead to significant issues and questions regarding the request for recognition and the evidence that Braskem and the Foreign Representative put before this Court.  Although the Ad Hoc Group does not object to a provisional stay or any predicate

---

[5] *See* https://www.sec.gov/Archives/edgar/data/1071438/000129281426003592/bak20260625_6k1.htm.

3

finding regarding the likelihood of success of recognition *based on the record currently before this Court*, that record is still subject to further development, and it would be premature for findings at this early stage to bear on the question of whether the burden for recognition has ultimately been met.[6] To the extent the Ad Hoc Group has objections or further reservations in connection with recognition, or believes discovery is necessary, the Ad Hoc Group intends to raise such matters with this Court in due course.

6. Without limiting the foregoing, the Ad Hoc Group expressly reserves (a) all rights, claims, arguments, defenses and remedies with respect to (i) its claims against Braskem, (ii) Braskem's funded debt instruments, (iii) any report of the Foreign Representative, (iv) the Verified Petition and the factual record with respect thereto and (v) any other relief that Braskem or the Foreign Representative is seeking or may seek in these chapter 15 proceedings or any other restructuring, insolvency or related proceedings, whether in the United States or otherwise, including to object to the same, and (b) all rights to seek discovery from Braskem in or in relation to these proceedings.

Dated:   June 30, 2026
      New York, New York

Respectfully Submitted,

DAVIS POLK & WARDWELL LLP
By:   */s/ Timothy Graulich*
450 Lexington Avenue
New York, New York 10017
Tel.: (212) 450-4000
Timothy Graulich
David Schiff
Marc J. Tobak
Abraham Bane
Moshe Melcer

*Counsel to the Ad Hoc Group*

---

[6] *See In re Andrade Gutierrez Engenharia S.A.*, 645 B.R. 175, 180–81 (Bankr. S.D.N.Y. 2022) ("In determining whether provisional relief [under section 1519 of the Bankruptcy Code] is appropriate, the Court applies the standards, procedure, and limitations applicable for the entry of a preliminary injunction.") (citation modified).