PAUL HASTINGS LLP
Daniel A. Fliman
Sayan Bhattacharyya
Robert Nussbaum
200 Park Avenue
New York, New York 10166
Telephone: 212-318-6000

*Attorneys for FFI Fund Ltd., FYI Ltd., and Olifant Fund, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Braskem S.A., *et al.*[1]<br><br><br><br>Debtors in a Foreign Proceeding | Case No. 26-11522 (MEW)<br><br>Chapter 15<br><br>(Jointly Administered) |

**LIMITED STATEMENT AND RESERVATION OF RIGHTS**
**IN CONNECTION WITH MOTION FOR PROVISIONAL RELIEF**

FFI Fund Ltd., FYI Ltd., and Olifant Fund, Ltd. (the "Holders"), as holders of the 7.125%

Notes due 2041 (the "2041 Notes") issued by Braskem America Finance Company ("US FinCo"),

by and through undersigned counsel, hereby submit this limited statement and reservation of rights

(this "Statement") in connection with the *Motion for Provisional Relief Pursuant to 11 U.S.C. §§*

*1519, 105(a), and 362* [ECF No 5] (the "Motion"), pursuant to sections 1519, 105(a) and 362 of

title 11 of the United States Code (the "Bankruptcy Code"), filed by Antonio Reinaldo Rabelo

Filho in his capacity as the foreign representative (the "Foreign Representative") in these Chapter

15 Cases as well as the *Verified Petition for Recognition of Foreign Proceeding and Motion for*

---

[1] The debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Braskem S.A. (01-70– Brazil); Braskem Netherlands B.V. (6B01–Netherlands); Braskem Netherlands Inc., B.V. (9B01–Netherlands); Braskem Netherlands Finance B.V. (5B01–Netherlands); Braskem Trading & Shipping B.V. (7B01–Netherlands); and Braskem America Finance Co. (1581–US).

*Order Granting Related Relief Pursuant to 11 U.S.C. §§ 105(a), 1515, 1517, 1520 and 1521* [ECF No. 2] (the "Verified Petition").

## LIMITED STATEMENT

1.      The Holders do not believe US FinCo is entitled to any Chapter 15 relief and were prepared to vigorously contest entry of any provisional relief order.  However, after several days of good-faith negotiations, the Foreign Representative agreed to limit the scope of any provisional relief and to provide additional protections for the intercompany claims that are US FinCo's principal assets.  On that basis, the Holders are not objecting to provisional relief, at this time.  The Holders instead file this Statement to place three matters on the record: first, to describe the agreements reached with the Foreign Representative that led the Holders not to object; second, to note that the Verified Petition, even as recently revised,[2] remains incomplete and misleading with respect to US FinCo; and third, to preview for the Court the issues that the Holders intend to raise at any recognition hearing.

**A.      Resolution of the Holders' Objection to Provisional Relief**

2.      In resolution of the Holders' anticipated objection to provisional relief, the Foreign Representative has agreed: (a) that any order approving the Motion will apply only to the same extent as the order entered in the Brazilian mediation proceeding, and that any modification of such order will not extend the scope of any provisional relief granted by this Court, without further Order of this Court; (b) that Section 363 of the Bankruptcy Code shall apply to US FinCo's assets during the pendency of the provisional relief, and therefore US FinCo's intercompany claims against BAI (as defined below) cannot be transferred, modified, or compromised without further

---

[2]      As part of the settlement reached for the Holders not to object to the Motion, the Foreign Representative filed the *Amended Verified Petition for Recognition of Foreign Proceeding and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. §§ 105(a), 1515, 1517, 1520 and 1521* [ECF No. 18] (the "Amended Verified Petition").

order of this Court after notice and an opportunity to be heard, (c) to amend the Verified Petition to correct certain inaccurate statements identified by the Holders, (d) to provide the Holders with additional information concerning US FinCo's intercompany claims against other entities and (e) that, by not objecting to the Motion, the Holders are not waiving any rights or claims, or in any way agreeing to or being bound by any of the factual or legal recitations made by the Foreign Representative in the Verified Petition (original or amended).  Based on these concessions, the Holders are not objecting to provisional relief today.

**B.       Foreign Representative's Inaccurate and Incomplete Statements About US FinCo**

3.      The Verified Petition and the declarations originally filed in support of these Chapter 15 Cases contained (and still contain) inaccurate and incomplete statements about US FinCo's assets and the relationship between US FinCo and its direct U.S. parent, Braskem America, Inc. ("BAI").  The Verified Petition stated that US FinCo "owns no assets of its own" and that it "on-lent the proceeds from the 2041 Notes to Braskem, S.A. to fund, *inter alia*, their Brazilian operations."  Verified Petition ¶¶ 19(f) & 85.  The Holders believe that both statements were wrong.

4.      As the Foreign Representative has now acknowledged, US FinCo on-lent the proceeds of the 2041 Notes to, among others, BAI, resulting in intercompany loans in favor of US FinCo.  Amended Verified Petition ¶ 85. Seemingly, when the Foreign Representative previously stated US FinCo "has no assets," what he meant is that US FinCo has "no *physical* assets."  *Id.* (emphasis added.)  And, he has now disclosed that "Braskem America, Inc. is the direct provider of the cash used to pay interest on the 2041 Notes" (*Id.*)—a statement that the Holders believe directly contradicts his prior assertion that US FinCo is "wholly dependent on the Braskem Group's Brazilian operations to repay its financial obligations."  Verified Petition ¶ 85.

5.        As the Amended Verified Petition reflects, US FinCo's assets include valuable intercompany receivables payable by its direct parent, BAI—a solvent operating company that is not before this Court and is not a party to the Brazilian mediation proceeding.  And the cash that services the 2041 Notes comes directly from BAI in the United States, not from Braskem S.A. in Brazil.

6.        These belated corrections, while a step in the right direction, are insufficient to provide a complete and accurate statement of US FinCo's assets and liabilities.  In advance of any hearing on recognition, the Foreign Representative should provide—and the Holders reserve the right to propound discovery to obtain—the full amount and character of all intercompany loans between US FinCo and any other entity, as well as a complete accounting of US FinCo's assets and liabilities.

**C.     US FinCo Cannot Gain Recognition**

7.        The Verified Petition describes the Debtors in collective terms, but recognition under Chapter 15 is determined on a debtor-by-debtor basis.  *See In re Serviços de Petróleo Constellation S.A.*, 600 B.R. 237, 244 (Bankr. S.D.N.Y. 2019).  The Foreign Representative bears the burden of demonstrating that (1) each proceeding to be recognized constitutes a "foreign proceeding" pursuant to Bankruptcy Code 101(23), (2) such proceeding is either a foreign main proceeding—*i.e.*, a proceeding pending where the debtor has its center of main interests—or a foreign nonmain proceeding—*i.e.*, a proceeding pending where the debtor maintains an establishment.  *See* 11 U.S.C. §§ 1502(2), (4), (5), 1517(a)(1), (b).  The Holders do not believe that the Foreign Representative can make that showing with respect to US FinCo.

8.         The Foreign Representative principally asserts that the Braskem entities constitute an "economically and operationally integrated group" and that "the business purpose of each Debtor is linked to the Company's operations in Brazil."  Motion ¶¶ 48-49.  Braskem's own

historical disclosures, together with the structure of the Brazilian mediation proceeding itself, demonstrate otherwise.

9.      US FinCo is a Delaware corporation and a direct wholly owned subsidiary of BAI, which itself is a Delaware corporation headquartered in Philadelphia, Pennsylvania.  US FinCo's headquarters are co-located in the same office as BAI in Philadelphia, PA and it has a separate board of directors that is controlled by BAI.

10.      US FinCo was not organized as a direct subsidiary of Braskem S.A. or another Brazilian entity.  Rather, the Holders understand that Braskem deliberately placed US FinCo within the Braskem America corporate structure, directly beneath BAI.

11.      Every objective indicator of US FinCo's identity points to the United States:  its Delaware incorporation; its direct Delaware parent's headquarters in the United States; its only debt instruments being governed by New York law with a New York forum selection clause with an indenture trustee located in the United States; its assets consisting of intercompany claims against its United States parent.

12.      Braskem's public disclosures repeatedly distinguished BAI and its subsidiaries from Braskem S.A.'s Brazilian operations. BAI conducts substantial manufacturing and commercial operations in the United States, including five polypropylene manufacturing facilities and one Ultra High Molecular Weight Polyethylene manufacturing facility, each located in the United States.[3]  BAI employs a U.S.-based workforce, including union employees, maintains its own management and corporate governance structure, and conducts ongoing operations subject to

---

[3]      *See* Braskem S.A., Annual Report (Form 20-F), pp. 64, 85 (Apr. 20, 2026), https://api.mziq.com/mzfilemanager/v2/d/540b55c5-af99-45f7-a772-92665eb948e9/9e8051ea-9282-4676-17f5-0f7dcc711bfd?origin=2.  A hard copy will be provided upon the request of the Court.

extensive federal and state regulation in the United States.    *Id*. at p. 159.[4]    Braskem further historically reported BAI's operations as part of its "United States and Europe" segment, rather than as part of Braskem S.A.'s Brazilian operations.  *See* Braskem S.A., Annual Report (Form 20-F), pp. 61, 72, 85, & 153 (Apr. 20, 2026).

13.    These facts are irreconcilable with the Foreign Representative's assertion that the Braskem entities constitute a single "economically and operationally integrated group" centered in Brazil.  Verified Petition ¶ 68.  To the contrary, Braskem's own public disclosures consistently portrayed BAI as a distinct operating enterprise with separate management, separate employees, separate operations, and separate corporate reporting.   Indeed, the Foreign Representative's attempt to characterize US FinCo as part of an "economically and operationally integrated group" centered in Brazil is contradicted by the very structure of the Brazilian mediation proceeding, which conspicuously excludes BAI—the solvent U.S. operating company to which US FinCo is actually linked.

14.    Accordingly, the Holders do not believe the Brazilian mediation proceeding—or any subsequent proceeding under Brazilian law—can or will be recognized with respect to US FinCo.  The Holders reserve all rights to oppose recognition and to argue that any restructuring of US FinCo should proceed under Chapter 11 of the Bankruptcy Code, where US FinCo's creditors would have the full protections of Chapter 11 bankruptcy law and the oversight of a U.S. bankruptcy court with jurisdiction over all property of US FinCo's estate.

---

[4]    *See also* Braskem S.A., Annual Report (Form 20-F), pp. 64, 85 (April. 10, 2012), https://api.mziq.com/mzfilemanager/v2/d/540b55c5-af99-45f7-a772-92665eb948e9/cbdd616f-d307-47fa-8e3b-20c27355fe18?origin=2.  A hard copy will be provided upon the request of the Court.

* * *

15.      The Holders respectfully submit this Statement and reserve all rights, claims, and defenses with respect to, among other things: (a) the accuracy and adequacy of the factual disclosures in the Amended Verified Petition and supporting declarations; (b) the recognition of the Brazilian mediation proceeding (or any subsequent proceeding under Brazilian law) with respect to US FinCo, including the right to argue that US FinCo's center of main interests is not in Brazil and that it does not maintain an "establishment" in Brazil; (c) the appropriateness of Chapter 15 relief for US FinCo as compared to a Chapter 11 proceeding; (d) any and all relief granted or to be granted in these Chapter 15 Cases; and (e) any other matters arising in connection with these proceedings.

Respectfully submitted,

Dated: June 30, 2026
     New York, New York

/s/ Daniel A. Fliman
**PAUL HASTINGS LLP**
Daniel A. Fliman
Sayan Bhattacharyya
Robert Nussbaum
200 Park Avenue
New York, New York 10166
Telephone: 212-318-6000
Email: danfliman@paulhastings.com
    sayanbhattacharyya@paulhastings.com
    robertnussbaum@paulhastings.com

*Attorneys for FFI Fund Ltd., FYI Ltd., and
Olifant Fund, Ltd.*