PAUL HASTINGS LLP
Daniel A. Fliman
Sayan Bhattacharyya
Robert Nussbaum
Ryan Montefusco
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000

*Attorneys for FFI Fund Ltd., FYI Ltd., and Olifant Fund, Ltd.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | |
| BRASKEM S.A., et al.,[1] | ) | Case No. 26-11522 (MEW) |
| Debtors in a Foreign Proceeding. | ) | Chapter 15<br>(Jointly Administered) |

**HOLDERS' MOTION FOR AN ORDER**
**AUTHORIZING THE REDACTION AND FILING UNDER SEAL**
**OF CERTAIN INFORMATION IN CONNECTION WITH**
**THE HOLDERS' MOTION TO DENY RECOGNITION**

FFI Fund Ltd., FYI Ltd., and Olifant Fund, Ltd. (collectively, the "Holders"), by and through their undersigned counsel, file this motion (the "Motion") for entry of an order, substantially in the form attached as **Exhibit A** (the "Proposed Order"), authorizing the redaction and filing under seal of (i) *Holders' Motion to Deny Recognition of Braskem America Finance Company's Brazilian Proceeding* (the "Motion to Deny Recognition"), (ii) *Holders' Statement of Material Facts Pursuant to Local Bankruptcy Rule 7056-1 in Support of Holders' Motion to Deny Recognition of Braskem America Finance Company's Brazilian Proceeding* (the "Statement of

[1] The debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Braskem S.A. (01-70–Brazil); Braskem Netherlands B.V. (6B01–Netherlands); Braskem Netherlands Inc., B.V. (9B01–Netherlands); Braskem Netherlands Finance B.V. (5B01–Netherlands); Braskem Trading & Shipping B.V. (7B01–Netherlands); and Braskem America Finance Co. (1581–US).

Material Facts"), and (iii) certain exhibits (the "Confidential Exhibits" and, together with the Motion to Deny Recognition and the Statement of Material Facts, the "Confidential Recognition Material")[2] annexed to the *Declaration of Daniel A. Fliman in Support of Holders' Motion to Deny Recognition of Braskem America Finance Company's Brazilian Proceeding*, dated November 20, 2026 (the "Fliman Declaration"), pursuant to sections 105(a) and 107(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), and respectfully state as follows:[3]

## BACKGROUND

1. With this Motion, the Holders seek to redact and file under seal the Motion to Deny Recognition, the Statement of Material Facts, and the Confidential Exhibits, which contain information that the Foreign Representative designated as "Confidential Material," "Highly Confidential Material," and/or "Advisors' Eyes Only Material" pursuant to, and in accordance with the provisions of, the *Stipulated Confidentiality Agreement and Protective Order* [ECF No. 46] (the "Protective Order") entered in these Chapter 15 Cases.

2. Concurrent with this Motion, the Holders are (i) filing on the public docket redacted versions of the Motion to Deny Recognition and the Statement of Material Facts, together with the Fliman Declaration and the exhibits annexed thereto, with placeholder slip sheets in place of any Confidential Exhibit filed under seal in its entirety, and (ii) submitting to Chambers, in the manner directed by Chambers, unredacted copies of the Confidential Recognition Material clearly labeled "Confidential," with the proposed redactions highlighted.

---

[2] The Confidential Exhibits include Exhibit Nos. 1, 3-8, 10, 11, 14, 19, 20, 21, and 35-40 to the Fliman Declaration.

[3] Capitalized terms used but not defined in this Motion have the meanings set forth in the Motion to Deny Recognition.

3. After the filing of this Motion, the Holders also are hand delivering to the Clerk's Office a hard copy of this Motion and the unredacted Confidential Recognition Material, together with a USB flash drive containing electronic copies each conspicuously marked "FILED UNDER PENDING MOTION TO SEAL."

## JURISDICTION

4. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P). Venue is proper in this Court pursuant to 28 U.S.C. § 1410. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Rule 9018 of the Bankruptcy Rules, and Local Rule 9018-1.

## RELIEF REQUESTED

5. Pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, the Holders seek entry of the Proposed Order authorizing the Holders to redact and file under seal the Confidential Recognition Material, which shall remain under seal pursuant to the terms of the Proposed Order.

## BASIS FOR RELIEF REQUESTED

### I. Applicable Law: Sealing Is Mandatory Where the Information Falls Within Section 107(b)

6. Bankruptcy Code section 107(a) provides that, "[e]xcept as provided in subsections (b) and (c) ... , a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity …." 11 U.S.C. § 107(a). These exceptions authorize a bankruptcy court to issue orders that will protect entities from potential harm caused by two kinds of information. *See* 11 U.S.C. § 107(b). Specifically, section 107(b) provides that upon the "request of a party in interest," a bankruptcy court "shall" "protect an entity

with respect to a trade secret or confidential research, development, or commercial information" and "protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." *See id.* § 107(b)(1)–(2).

7. Further, Bankruptcy Rule 9018 implements section 107(b), authorizing the Court, on motion or on its own, with or without notice, to issue any order that justice requires to protect an entity regarding a trade secret or other confidential research, development, or commercial information. *See* Fed. R. Bankr. P. 9018(a). Local Rule 9018-1 prescribes the procedure for such requests and requires that a motion to seal (i) state the grounds for sealing, (ii) identify any parties other than the movant who will have access to the sealed documents, (iii) state the duration of the seal, (iv) state when the movant will either unseal or retrieve the documents at the conclusion of the matter, (v) include a redacted copy of the documents with only those redactions necessary to preserve confidentiality, made in good faith, and (vi) attach a proposed order providing that it is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the documents, or any part thereof. *See* Local Rule 9018-1(b).

8. Section 107(b) and Bankruptcy Rule 9018 (and by extension Local Rule 9018-1) are intended "to protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury." *In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003). "When the requirements of [Bankruptcy] Rule 9018 are satisfied, the authority to issue the resulting order is broad – 'any order which justice requires.'" *Id.* at 724.

9. Once a bankruptcy court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.,* 21 F.3d 24, 27 (2d Cir. 1994). This is because, despite

the general rule that court records are open to examination by the public, section 107(b) represents Congress' decision to "establish[] a special rule for trade secrets and confidential research, development, and commercial information" in "the bankruptcy area." *Id.* Whether a document still falls within the scope of section 107(b) is ultimately a decision for the Court. *In re Barney's Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). But *if* a bankruptcy court determines that filed documents are covered by section 107(b), it must issue a remedy that will protect the interested party and "has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d at 27.

10. The party seeking protection bears the burden of demonstrating that the information is both commercial and confidential. *In re Oldco M Corp.*, 466 B.R. 234, 237 (Bankr. S.D.N.Y. 2012). Where protection is warranted, the Court has discretion as to its form, and redaction limited to protectable information is preferred to wholesale sealing. *See id.* at 237 n.2. The Holders have tailored their request accordingly.

## II. The Confidential Recognition Material Contains Information Designated Under the Protective Order That Falls Within Section 107(b)

11. Paragraph 18 of the Protective Order requires that all Designated Material filed with the Court, and all portions of pleadings, motions, or other papers that disclose, quote, or reference Designated Material, be filed under seal in accordance with the Bankruptcy Rules and the Local Rules. Protective Order ¶ 18; *see also id.* ¶ 8. The Confidential Recognition Material references, quotes, or describes materials that the Foreign Representative produced in discovery and designated as either "Confidential" or "Highly Confidential" under the Protective Order. Those materials fall into four general categories:

a. nonpublic corporate governance records of U.S. FinCo and BAI, including bylaws, board and sole-stockholder consents, and records reflecting the appointment and roles of directors and officers;

b. nonpublic intercompany financing documents and related internal accounting records, including the intercompany loan agreements and ledger entries tracking the movement of funds among Braskem Group entities;

c. federal, state, and local tax returns, bank account records, and other nonpublic financial information of U.S. FinCo and BAI; and

d. deposition testimony and written discovery responses, designated under the Protective Order, that address these same subjects, including the Braskem Group's internal decision-making and the relationships among its entities.

12. These materials are not publicly available and, consistent with the presumptive basis for the Foreign Representative's designation, their disclosure would reveal sensitive commercial, financial, and tax information of U.S. FinCo, BAI, and their affiliates.[4] The Holders therefore respectfully request that the Court enter the Proposed Order attached as **Exhibit A**.

13. In accordance with Local Rule 9018-1(b), the Holders further state as follows. *First*, the unredacted Confidential Recognition Material will be available only to the Court and the Clerk and their staffs, the Foreign Representative and his counsel, the Office of the United States Trustee, and persons authorized to receive Designated Material under the Protective Order. *Second*, the Holders request that the Confidential Recognition Material remain under seal until and continuing after the closing of the Chapter 15 Cases, entry of a final decree, or further order of the Court. *Third*, upon closure of the Chapter 15 Cases, the Clerk's Office should be authorized to permanently dispose of all hard copies and electronic storage devices containing the sealed material, and, to the extent any Designated Material is de-designated by the Foreign Representative or ordered unsealed, the Holders will promptly file an unredacted version of the affected material on the public docket. *Fourth*, the sealed copies of Confidential Recognition Material described above are necessary to preserve the Foreign Representative's confidentiality designation, made in

[4] The Holders take no position on the propriety of the Foreign Representative's designations and reserve all rights under Paragraphs 12 and 13 of the Protective Order.

good faith. *Fifth*, the Proposed Order provides that it is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Confidential Recognition Material, or any part thereof.

## NOTICE

14. Notice of this Motion has been provided to the following: (a) counsel for the Foreign Representative, (b) the Office of the United States Trustee for Region 2, and (c) all other parties entitled to notice under the relevant Bankruptcy Rules. In light of the nature of the relief requested, the Holders submit that no further notice need be given.

## NO PRIOR APPLICATION

15. No previous application for the relief sought herein has been made to this or to any other court.

## CONCLUSION

WHEREFORE, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, the Holders respectfully request that this Court enter the Proposed Order, substantially in the form attached as **Exhibit A**, (a) granting this Motion; and (b) granting such further relief as is appropriate.

[*Remainder of the Page Left Intentionally Blank*]

Dated: November 20, 2026
New York, New York

**PAUL HASTINGS LLP**

/s/ *Daniel A. Fliman*
Daniel A. Fliman
Sayan Bhattacharyya
Robert Nussbaum
Ryan Montefusco
200 Park Avenue
New York, New York 10166
Telephone: (212) 318-6000
E-Mail: danfliman@paulhastings.com
sayanbhattacharyya@paulhastings.com
robertnussbaum@paulhastings.com
ryanmontefusco@paulhastings.com

*Attorneys for FFI Fund Ltd., FYI Ltd., and Olifant Fund, Ltd.*

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 26-11522 (MEW) |
| BRASKEM S.A., et al.,[1] | ) | |
| | ) | Chapter 15 |
| Debtors in a Foreign Proceeding. | ) | (Jointly Administered) |

**ORDER GRANTING THE HOLDERS' MOTION FOR
AN ORDER AUTHORIZING THE REDACTION AND FILING UNDER
SEAL OF CERTAIN INFORMATION IN CONNECTION WITH
THE HOLDERS' MOTION TO DENY RECOGNITION**

Upon consideration of the *Holders' Motion for an Order Authorizing the Redaction and Filing Under Seal of Certain Information in Connection with the Holders' Motion to Deny Recognition* (the "Motion"),[2] and this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and due notice of the Motion having been provided as set forth in the Motion; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED THAT, the Motion is GRANTED as provided herein;

ORDERED THAT, the Holders are authorized to redact and file under seal the Confidential Recognition Material, and shall file redacted versions of the Confidential Recognition Material on the public docket no later than one day after entry of this Order, ensuring that the redacted portions are properly redacted and are not discernible or capable of recovery;

---

[1] The debtors in these chapter 15 cases (the "Chapter 15 Cases"), along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: Braskem S.A. (01-70–Brazil); Braskem Netherlands B.V. (6B01–Netherlands); Braskem Netherlands Inc., B.V. (9B01–Netherlands); Braskem Netherlands Finance B.V. (5B01–Netherlands); Braskem Trading & Shipping B.V. (7B01–Netherlands); and Braskem America Finance Co. (1581–US).

[2] Capitalized terms not defined in this Order shall have the meanings ascribed to such terms in the Motion.

ORDERED THAT, the unredacted Confidential Recognition Material shall not be made available to any party without the consent of the Foreign Representative, as Producing Party under the Protective Order, except as provided in this Order, may not be filed on the public docket, and shall remain under seal until and continuing after the closing of these Chapter 15 Cases, entry of the final decree, or other order of the Court (the "Confidentiality Period");

ORDERED THAT, the Court, the Clerk of the Court, the Foreign Representative, the Office of the United States Trustee, persons authorized to receive Designated Material under the Protective Order, and their respective staffs, shall have access to the unredacted Confidential Recognition Material during the Confidentiality Period, subject to the confidentiality obligations of this Order and the Protective Order;

ORDERED THAT, in accordance with Local Rule 9018-1(b), this Order is without prejudice to the rights of any party in interest, or the United States Trustee, to seek to unseal the Confidential Recognition Material, or any part thereof;

ORDERED THAT, upon closure of these Chapter 15 Cases, the Clerk's Office is authorized and shall permanently dispose of any hard copies and electronic storage devices containing the unredacted Confidential Recognition Material;

ORDERED THAT, during the Confidentiality Period, the Confidential Recognition Material shall remain under seal and confidential, and the Confidential Recognition Material shall not be made available to anyone, other than as set forth in this Order;

ORDERED THAT, notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order are immediately effective and enforceable upon its entry; and it is further

ORDERED THAT, this Court shall retain jurisdiction with respect to any disputes arising from or related to the implementation of this Order.

Dated: November __, 2026
New York, New York

____________________________________
HONORABLE MICHAEL E. WILES
UNITED STATES BANKRUPTCY JUDGE